FEB 0 3 2005

LARRY W. PROPES, CLERK
CHARLESTON, SC

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| TEDDRA L. DENT and ERIC DANTZLER, | ) ) ) | **2 05- 0353-18** |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: _____ **NOTICE OF REMOVAL TO** |
| WAFFLE HOUSE, INC., | ) ) | **FEDERAL COURT** |
| Defendant. | ) ) ) | |

## NOTICE OF REMOVAL TO FEDERAL COURT

Defendant Waffle House, Inc. ("Defendant" or "Waffle House") files this Notice

of Removal to Federal Court. Defendant is removing the action filed against it by Teddra

L. Dent and Eric Dantzler in the Colleton County Court of Common Pleas (Civil Action

Number 04-CP-15-1172). The United States District Court for the District of South

Carolina has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 1343.

Thus, removal is proper under 28 U.S.C. §§ 1441 and 1443. Attachment 1 to this Notice

of Removal to Federal Court contains a copy of all process, pleadings and orders served

upon Defendant Waffle House in this action. Attachment 2 to this Notice of Removal to

Federal Court is a copy of the Notice to Adverse Parties of Filing of Notice of Removal

to Federal Court. Attachment 3 to this Notice of Removal to Federal Court is a copy of

Notice to State Court of Removal to Federal Court. As grounds for removal, Defendant

shows the Court:

1.

Plaintiffs allege that they were "refused" service at a Waffle House restaurant located in Walterboro, South Carolina on December 26, 2001. See Plaintiffs' Complaint at ¶ 6, a copy of which is included in Attachment 1.

2.

On or about December 15, 2004, Plaintiffs filed their Complaint in the Colleton County Court of Common Pleas, asserting, among other things, that Waffle House allegedly "refus[ed], deni[ed], or attempt[ed] to deprive Plaintiffs of rights and privileges to public accommodations ... in violation of Plaintiff's [sic] civil rights and equal enjoyment of and privileges to public accommodations...." Plaintiffs' Complaint at ¶ 7. Waffle House denies Plaintiffs' allegations.

3.

Plaintiffs' Complaint asserts claims covered by and arising under the laws of the United States, specifically Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a ("Title II").

4.

Because Plaintiffs' State Court action asserts claims arising under a federal statute, the instant action is one over which this Court has original jurisdiction and one that may be removed to this Court by the Petitioner pursuant to the provisions of 28 U.S.C. §§ 1331, 1343 and 1441(a).

5.

Venue is proper in this Court under 28 U.S.C. § 1441(a).

6.

This Notice is timely filed within thirty (30) days of the receipt of the Summons and Complaint by Petitioner, Waffle House, which occurred on January 4, 2005. See 28 U.S.C. § 1446(b).

7.

Notice to Adverse Parties of Filing of Notice of Removal to Federal Court is being provided to Plaintiffs herewith, as provided in 28 U.S.C. § 1446(d). See Attachment 2.

8.

Notice to State Court of Removal to Federal Court is being filed with the Clerk of the Colleton County Court of Common Pleas as provided by 28 U.S.C. § 1446(d). See Attachment 3.


WHEREFORE, Defendant respectfully requests that the above-styled action pending in the Colleton County Court of Common Pleas be removed to this Court.


Respectfully submitted this _3rd_ day of February, 2005.


**NELSON, MULLINS, RILEY &**
**SCARBOROUGH, LLP**
151 Meeting Street, Suite 600
Charleston, South Carolina 29401
Telephone: (843) 853-5200
Facsimile: (843) 722-8700

Wade H. Logan, III
Federal I.D. No. 2713

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| TEDDRA L. DENT and ERIC DANTZLER, | ) ) ) |
| Plaintiffs, | ) ) |
| | ) CIVIL ACTION NO.: _____ |
| v. | ) **NOTICE OF REMOVAL TO** |
| | ) **FEDERAL COURT** |
| WAFFLE HOUSE, INC., | ) ) |
| Defendant. | ) ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above and

foregoing **NOTICE OF REMOVAL TO FEDERAL COURT** on all parties by

depositing the same in the United States mail, via first-class prepaid, and addressed as

follows:

Margie Bright Matthews
215 West Washington Street
Post Office Box 499
Walterboro, SC 29488

This 3rd day of February, 2005.

_____
Attorney for Defendant

1034-0010.279

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF COLLETON | ) | CIVIL ACTION COVERSHEET |
| | ) | |
| Teddra L. Dent and Eric Dantzler, | ) | 2004 - CP - 15 - 1422 |
| Plaintiff(s) | ) | **RECEIVED** |
| | ) | |
| vs. | ) | DEC 1 5 2004 |
| | ) | |
| Waffle House, Inc., | ) | COLLETON COUNTY |
| Defendant(s) | ) | SHERIFF'S OFFICE |

*PATRICIA C. GRANT COLLETON COUNTY COMMON PLEAS  DEC 15  AM 9:*

| (PLEASE PRINT) | | SC Bar#: |
|---|---|---|
| Submitted By: | Margie Bright Matthews | Telephone #: (843) 549-6028 |
| Address: | 215 West Washington Street | Fax#: (843) 549-6107 |
| | Post Office Box 499 | Other: |
| | Walterboro, SC 29488 | E-mail: |

NOTE:  The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law.  This form is required for the use of the Clerk of Court for the purpose of docketing.  It must be filled out completely, signed, and dated.  A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check one box below)*

X   JURY TRIAL demanded in complaint.          ☐ NON JURY TRIAL demanded in complaint
☐ This case is subject to ARBITRATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION
### *(Check One Box Below)*

**Contracts**
☐ Construction (100)
☐ Debt Collection (110)
☐ Employment (120)
☐ General (130)
☐ Wrongful Breach (140)
☐ Other (199)

**Torts – Professional Malpractice**
☐ Dental Malpractice (200)
☐ Legal Malpractice (210)
☐ Medical Malpractice (220)
☐ Other Malpractice (299)

**Torts – Personal Injury**
☐ Assault/Slander/Libel (300)
☐ Conversion (310)
☐ Motor Vehicle Accident (320)
☐ Premises Liability (330)
☐ Products Liability (340)
X Other (399)

**Real Property**
☐ Claim & Delivery (400)
☐ Condemnation (410)
☐ Foreclosure (420)
☐ Mechanic's Lien (430)
☐ Partition (440)
☐ Possession (450)
☐ Other (499)

**Inmate Petitions**
☐ PCR (500)
☐ Sexual Predator (510)
☐ Mandamus (520)
☐ Habeas Corpus (530)
☐ Other (199)

**Judgments/Settlements**
☐ Death Settlement (700)
☐ Foreign Judgment (710)
☐ Magistrate's Judgment (720)
☐ Minor Settlement (730)
☐ Transcript Judgment (740)
☐ Lis Pendens (750)**
☐ Other (799)

**Administrative Law/Relief**
☐ Driver License Reinstate (800)
☐ Judicial Review (810)
☐ Relief (820)
☐ Permanent Injunction (830)
☐ Forfeiture (840)
☐ Other (899)

**Appeals**
☐ Arbitration (900)
☐ Magistrate-Civil (910)
☐ Magistrate-Criminal (920)
☐ Municipal (930)
☐ Probate Court (940)
☐ SCDOT (950)
☐ Worker's Comp (960)
☐ Zoning Board (970)
☐ Other (999)

**Special /Complex/Other**
☐ Environmental (600)
☐ Automobile Arb. (610)
☐ Medical (620)

☐ Pharmaceuticals (630)
☐ Unfair Trade Practices (640)
☐ Other (699)

**Check if Summons & Complaint to follow in 20 days

Submitting Party Signature: _____          Date: *December 14, 2004*

Note:  Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act., S.C. Code Ann. § 15-36-10 et. Seq.

F:\Forms\Civil Cover Sheet\In th Court of CP Civil Action Coversheet.doc

STATE OF SOUTH CAROLINA )   IN THE COURT OF COMMON PLEAS
                        )   FOURTEENTH JUDICIAL CIRCUIT
COUNTY OF COLLETON      )   CASE NO.: 04-CP-15- _1173_

TEDDRA L. DENT AND      )
ERIC DANTZLER,          )
                        )        **RECEIVED**
          Plaintiffs,   )
                        )        DEC 1 5 2004
vs.                     )
                        )   COLLETON COUNTY
                        )   SHERIFF'S OFFICE
WAFFLE HOUSE, INC.,     )   **SUMMONS**
                        )   **(JURY TRIAL DEMANDED)**
          Defendant.    )
_____)

TO THE DEFENDANT ABOVE NAMED:

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this

action, of which a copy is herewith served upon you, and to serve a copy of your answer to

said Complaint on the subscribed at her office at 215 West Washington Street, Post Office

Box 499, Walterboro, South Carolina 29488, within **thirty (30) days** after the service

hereof, exclusive of the day of such service; and if you fail to answer the Complaint within

the time aforesaid, the Plaintiffs in this action will apply to the Court for the relief

demanded in the Complaint, including the rendering of judgment by default against you.

_December 6_, 2004.

                    Margie Bright Matthews
                    Attorney at Law
                    215 W. Washington Street
                    Post Office Box 499
                    Walterboro, SC 29488
                    (843) 549-6028

                    ATTORNEY FOR PLAINTIFFS

STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
                        )  FOURTEENTH JUDICIAL CIRCUIT
COUNTY OF COLLETON      )  CASE NO.: 04-CP-15-_1178_

TEDDRA L. DENT AND      )
ERIC DANTZLER,          )
                        )
        Plaintiffs,     )
                        )
vs.                     )     **COMPLAINT**
                        )  **(JURY TRIAL DEMANDED)**
WAFFLE HOUSE, INC.,     )
                        )
        Defendant.      )
_____)

The Plaintiffs by and through their attorney, Margie Bright Matthews, makes the

following allegations against the Defendant:

1.    Plaintiffs, Teddra L. Dent and Eric Dantzler, are citizens and residents of the

City of Walterboro, County of Colleton, State of South Carolina.

2.    Defendant Waffle House, Inc. is a corporation duly organized and existing

under the laws of the State of South Carolina and having its principle place of business in

the City of Walterboro, County of Colleton, State of South Carolina.

3.    Defendant is and at all times hereinafter the owner of and in possession and

control of a restaurant known as Waffle House, located at 1646 Bells Highway, in the City

of Walterboro, County of Colleton, State of South Carolina.

4.    The employees, agents, officers, or servants of Waffle House, Inc. now and

at all times material hereto were, duly appointed, employed and acting within the scope of

their duties as agents, servants and officers of Waffle House, Inc. and their conduct was

therefore imputable to Defendant under the doctrine of respondent superior.

5.    In operating said restaurant, Defendant extended to the public its advantages, and privileges and invited thereto any and all persons desiring its accommodations, advantages and privileges.

6.    On December 26, 2001, Plaintiffs went in the restaurant aforesaid dining area. Thereupon, Defendant's employee, agent, officer, or servant refused Plaintiffs the service requested by them.

7.    Defendant's refusal, denial, or attempt to deprive Plaintiffs of rights and privileges to public accommodations, through agents and servants, to serve Plaintiffs were in violation of plaintiff's civil rights and equal enjoyment of and privileges to public accommodations, and by reason thereof.

8.    The Defendant's failed to supervise and train its employees in the proper procedure in serving its patrons.

9.    Due to the actions of the Defendant, Plaintiff's suffered racial discrimination, harassment, emotional distress, defamation and public ridicule.

10.    By reason of the unlawful acts of discrimination against Plaintiffs by Defendant as aforesaid, Plaintiffs suffered great humiliation, shame, inconvenience, and mental distress and are entitled to recover damages from Defendant for such actions.

**WHEREFORE,** Plaintiff prays for judgment in Plaintiff's favor for actual and punitive damages in an appropriate amount and for such other relief as the Court may deem just and proper.

December 6, 2004.

Margie Bright Matthews
Attorney at Law
215 West Washington Street
Post Office Box 499
Walterboro, SC 29488
(843) 549-6028

**ATTORNEY FOR PLAINTIFFS**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF COLLETON | ) | CASE NO.: 04-CP-15-_____ |

**RECEIVED**

**DEC 1 5 2004**

COLLETON COUNTY
SHERIFF'S OFFICE

Teddra L. Dent and )
Eric Dantzler, )
)
          Plaintiffs, )
)
vs. )
)
Waffle House, Inc., )
)
          Defendant. )
_____ )

**PLAINTIFF'S INTERROGATORIES
TO DEFENDANT**

TO THE DEFENDANT ABOVE NAMED:

    You are requested to answer the following Interrogatories within the time permitted under Rule 33(b) of the South Carolina Rules of Civil Procedure:

    1.    State your correct legal name, state of incorporation, business address and nature of business.

    2.    Give the names and addresses of persons known to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

    3.    Set forth a list of photographs, plats, sketches or other prepared documents that relate to the claim.

    4.    Set forth the names and addresses of all insurance companies which have liability insurance coverage and set forth the number or numbers of the policies involved and

1

the amount or amounts of liability coverage provided in each policy where the Defendant is covered under said policy or policies.

5.    List the names and addresses of any expert witnesses whom the Defendant proposes to use as a witness at the trial of the case:  state his/her specialty; and a synopsis of his/her intended testimony, including the basis for said testimony.

6.    For each person known to the Defendant or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

7.    Identify all civil lawsuits filed in the past five (5) years in which this Defendant is named as a Defendant in such litigation.

8.    In responding, provide the caption of the case, the civil action number, the court in which such action was filed, and the disposition of such claim if ended.  Identify whether or not still pending, Provide the name, address and telephone number of Plaintiff's counsel in all such cases.

9.    If you respond to the foregoing interrogatory with an objection, identify by name, address and telephone number each person consulted for the information sought, and who has provided information, which in whole or in part, provides the basis of the objection.

10.    Identify each person who conducted, or participated in, any investigation of the incident complained of in the Complaint, other than counsel for the Defendant and

2

counsel's legal staff.

11.    Identify with particularity and all documents contained in any file created as part of any investigation into the incident, other than similar documents created by Defendant's counsel.

12.    Identify all employees of the Defendant who were present or on duty at the at the time of the incident complained in the Complaint.

13.    How did the Defendant first learn of the incident complained of in the Complaint?

14.    Please identify by name, address, title and job description, each employee or representative of the Defendant, other than Defendant's counsel and supporting legal staff, that provided any information utilized in answering these interrogatories on behalf of the Defendant.

15.    Identify with particularity each document which provided any instructions, directives, orders, policies or procedures in effect for maintaining and promoting the proper procedures in serving their patrons.

16.    Identify any and all written or recorded statements made by any person regarding this incident. If any privilege is claimed with respect to any such written or recorded statement, identify the nature of the privilege, the date, time and location where the statement was taken or created, and any and all persons present at the time the statement was created.

3

17.    If you contend that any Defendant is not properly named in the caption of the Complaint, state what you contend to be the proper name of such Defendant entity or person.

18.    Identify with specificity, including name, address and telephone number, the owner of the premises at the time of the incident complained in the Complaint.

19.    Identify all security personnel in your employ both at the time of the incident complained of in plaintiff's complaint as well as all security personnel employed by you for one year prior thereto.

20.    Identify all security equipment, devices and measures used by the defendant to protect patron's at the premises.

21.    Identify any reports or notices of any prior incidents of any form of the same type of racial discrimination throughout a three year period prior to the incident complained in the Complaint.

22.    Describe in detail any conversations that the Defendant had with the Plaintiff before, during and after the incident complained of in the complaint.

23.    Do you contend that the plaintiff did, or failed to do anything that caused or contributed to the incident complained of in the complaint?  If so, describe in detail what you contend the plaintiff did, or failed to do in this regard.

24.    Describe in detail the factual basis for the defenses you insert in your answer.

These Interrogatories shall be deemed continuing so as to require supplemental answers if the party or any representative or counsel obtain further information between the

4

time the answers are served and the time of trial.

December 13, 2004.

Margie Bright Matthews
Attorney at Law
215 West Washington Street
Post Office Box 499
Walterboro, SC  29488
(843) 549-6028

ATTORNEY FOR PLAINTIFFS

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the document(s) set forth below was served by me on

counsel listed below by mailing a copy of thereof, postage prepaid and properly addressed,

and deposited in the United States Post Office at Walterboro, South Carolina on this

14th day of December_____, 2004.

DOCUMENT(S) SERVED:     Plaintiff's Interrogatories to Defendant

                                    Case No.     :2004-CP-15

PERSON SERVED:     Waffle House #771
                                  1646 Bells Highway
                                  Walterboro, SC 29488

Crystal Davenport
Legal Assistant
215 West Washington Street
Post Office Box 499
Walterboro, SC 29488
(843) 549-6028

6

STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS
    )    FOURTEENTH JUDICIAL CIRCUIT
COUNTY OF COLLETON    )    CASE NO.: 04-CP-15-_____

Teddra L. Dent and    )
Eric Dantzler,    )
    )
    Plaintiffs,    )
    )
vs.    )    **PLAINTIFF'S REQUEST FOR**
    )    **PRODUCTION TO DEFENDANT**
Waffle House, Inc.,    )
    )
    Defendant.    )
_____)

TO THE DEFENDANT ABOVE NAMED:

The Plaintiffs, pursuant to Rule 34 of the South Carolina Rules of Civil Procedure, requests that the Defendant and/or his attorney to respond within thirty (30) days from the date of service hereof, Request For Production, or whatever purposes as allowed by said Rule, the following documents or things which are in or may be in the possession, custody or control of the Defendant, his agents, servants or attorneys:

1.    Any and all documents identified in Defendant's responses to Plaintiff's interrogatories.

2.    Any and all indemnity agreements between this Defendant and any other person or entity that relates in any fashion to Plaintiffs claims.

3.    Any and all contracts between the owner and occupier of the premises at the time of Plaintiff's incident.

1

4.    A copy of liability insurance policies in force and effect insuring the Defendant at the time and place of the incident which is the subject of this cause of action, and state whether or not this/these documents was/were permissive user(s) or named insured(s).

5.    Each document which describes this Defendant's legal status at the time of Plaintiff's injury.

6.    Any and all training manuals, policy and procedure manuals, or other written documentation relating to the manner in which employees could have, or should have, been conducting themselves in the general time preceding and following Plaintiff's incident, and including the time of the incident.

7.    Any and all materials, photographs, video tapes, audio cassettes, diagrams, slide show presentations, and other materials or guidelines utilized to train Defendant's employees for the two (2) years preceding Plaintiff's incident, up to and including the present.

8.    Any and all photographs, video tapes, surveillance videos and similar imagery of the incident complained in the Complaint.

9.    Any and all reports prepared by any persons investigating the matters complained of in the Complaint, including expert witness reports, with the exception of documents prepared by Defendant's counsel. If any privilege is claimed with respect to any such documents, identify the nature of the document, the date and time of its preparation,

2

the person requesting the preparation of the document, the person(s) to whom the document was provided, and the current whereabouts of the document and all copies.

10.    Produce copies of all complaints naming this Defendant as a Defendant, where the complaint included allegations of an injury occurring on the Defendant's premises, and which was filed within the ten-year-period of time preceding Plaintiff's injury, and up to and including the present.

11.    Any and all settlement agreements and release with any persons who have alleged to have been discriminated on the Defendant's premises in the five-year period of time preceding Plaintiffs incident, up to and including the present.

12.    Any and all documents which you intend to introduce at trial.

Said documents and things are to be produced at 215 West Washington Street, Post Office Box 499, Walterboro, SC  29488 within the time aforesaid at which time they will be physically inspected, copied or mechanically reproduced and then returned.

December 13, 2004.

Margie Bright Matthews
Attorney at Law
215 West Washington Street
Post Office Box 499
Walterboro, SC  29488
(843) 549-6028

ATTORNEY FOR PLAINTIFFS

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the document(s) set forth below was served by me on

counsel listed below by mailing a copy of thereof, postage prepaid and properly addressed,

and deposited in the United States Post Office at Walterboro, South Carolina on this ____

14th day of December _____, 2004.

DOCUMENT(S) SERVED:     Plaintiff's Request for Production to Defendant

Case No.    :2004-CP-15-

PERSON SERVED:     Waffle House #771
1646 Bells Highway
Walterboro, SC 29488

Crystal Davenport
Legal Assistant
215 West Washington Street
Post Office Box 499
Walterboro, SC 29488
(843) 549-6028

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| TEDDRA L. DENT and ERIC DANTZLER,<br><br>Plaintiffs,<br><br>v.<br><br>WAFFLE HOUSE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO.: _____
**NOTICE TO ADVERSE PARTIES OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT**

## NOTICE TO ADVERSE PARTIES OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT

Pursuant to 28 U.S.C. § 1446(d), this Notice is and shall serve as the written notice to all adverse parties that Defendant Waffle House, Inc. ("Defendant" or "Waffle House"), filed this day a Notice of Removal to Federal Court of the above-captioned action from the Colleton County Court of Common Pleas to the United States District Court for the District of South Carolina, Charleston Division. Attached to and included with this Notice are:

1. Waffle House's Notice of Removal to Federal Court, as filed with the United States District Court for the District of South Carolina, Charleston Division, which includes a copy of all process, pleadings, and orders served upon Waffle House in this action (Attachment 1);

2. The Civil Action Cover Sheet filed with the United States District Court for the District of South Carolina (Attachment 2); and

3.  Waffle House's Notice to State Court of Removal to Federal Court (Attachment

    3).

    Respectfully submitted this *3rd* day of February, 2005.

**NELSON, MULLINS, RILEY &**
**SCARBOROUGH, LLP**
151 Meeting Street, Suite 600
Charleston, South Carolina 29401
Telephone: (843) 853-5200
Facsimile: (843) 722-8700

Wade H. Logan, III
Federal I.D. No. 2713

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| TEDDRA L. DENT and ERIC DANTZLER, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO.: _____ |
| v. | ) **NOTICE TO ADVERSE PARTIES OF** |
| | ) **FILING OF NOTICE OF REMOVAL** |
| WAFFLE HOUSE, INC., | ) **TO FEDERAL COURT** |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above and

foregoing **NOTICE TO ADVERSE PARTIES OF FILING OF NOTICE OF**

**REMOVAL TO FEDERAL COURT** on all parties by depositing the same in the

United States first-class mail, postage prepaid, and addressed as follows:

Margie Bright Matthews
215 West Washington Street
Post Office Box 499
Walterboro, SC 29488

This _3rd_ day of February, 2005.

_____
Attorney for Defendant

1034-0010.281

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS

COUNTY OF COLLETON ) 

) CIVIL ACTION COVERSHEET

Teddra L. Dent and Eric Dantzler, )

Plaintiff(s) ) 2004 - CP - 15 - *1422*

)

vs. ) **RECEIVED**

)

Waffle House, Inc., ) DEC 1 5 2004

Defendant(s) ) COLLETON COUNTY

SHERIFF'S OFFICE

| | |
|---|---|
| (PLEASE PRINT) | SC Bar#: |
| Submitted By: Margie Bright Matthews | Telephone #: (843) 549-6028 |
| Address: 215 West Washington Street | Fax#: (843) 549-6107 |
| Post Office Box 499 | Other: |
| Walterboro, SC 29488 | E-mail: |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law.  This form is required for the use of the Clerk of Court for the purpose of docketing.  It must be filled out completely, signed, and dated.  A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check one box below)*

X JURY TRIAL demanded in complaint.  ☐ NON JURY TRIAL demanded in complaint

☐ This case is subject to ARBITRATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.

☐ This case is subject to MEDIATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.

☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION
### *(Check One Box Below)*

| **Contracts** | **Torts – Professional Malpractice** | **Torts – Personal Injury** | **Real Property** |
|---|---|---|---|
| ☐ Construction (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Other Malpractice (299) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Wrongful Breach (140) | | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | X Other (399) | ☐ Possession (450) |
| | | | ☐ Other (499) |

| **Inmate Petitions** | **Judgments/Settlements** | **Administrative Law/Relief** | **Appeals** |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Driver License Reinstate (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (199) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750)** | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Other (999) |

| **Special /Complex/Other** | |
|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) |
| ☐ Medical (620) | ☐ Other (699) |

**Check only if Summons & Complaint to follow in 20 days

Submitting Party Signature: _____    Date: *December 14, 2004*

Note:  Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act., S.C. Code Ann. § 15-36-10 et. Seq.

F:\Forms\Civil Cover Sheet\In th Court of CP Civil Action Coversheet.doc

STATE OF SOUTH CAROLINA )   IN THE COURT OF COMMON PLEAS
                        )   FOURTEENTH JUDICIAL CIRCUIT
COUNTY OF COLLETON      )   CASE NO.: 04-CP-15- *1172*

TEDDRA L. DENT AND      )
ERIC DANTZLER,          )
                        )
            Plaintiffs, )
                        )
vs.                     )
                        )
WAFFLE HOUSE, INC.,     )
                        )
            Defendant.  )

**RECEIVED**

DEC 1 5 2004

COLLETON COUNTY
SHERIFF'S OFFICE
**SUMMONS**
**(JURY TRIAL DEMANDED)**

04 DEC 15 AM 9: 36
PATRICIA C. GRANT
COLLETON COUNTY
COMMON PLEAS

TO THE DEFENDANT ABOVE NAMED:

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this

action, of which a copy is herewith served upon you, and to serve a copy of your answer to

said Complaint on the subscribed at her office at 215 West Washington Street, Post Office

Box 499, Walterboro, South Carolina 29488, within **thirty (30) days** after the service

hereof, exclusive of the day of such service; and if you fail to answer the Complaint within

the time aforesaid, the Plaintiffs in this action will apply to the Court for the relief

demanded in the Complaint, including the rendering of judgment by default against you.

*December 6*, 2004.

Margie Bright Matthews
Attorney at Law
215 W. Washington Street
Post Office Box 499
Walterboro, SC 29488
(843) 549-6028

ATTORNEY FOR PLAINTIFFS

STATE OF SOUTH CAROLINA )   IN THE COURT OF COMMON PLEAS
)   FOURTEENTH JUDICIAL CIRCUIT
COUNTY OF COLLETON )   CASE NO.: 04-CP-15- *1178*

TEDDRA L. DENT AND )
ERIC DANTZLER, )
)
Plaintiffs, )
)
vs. )   **COMPLAINT**
)   **(JURY TRIAL DEMANDED)**
WAFFLE HOUSE, INC., )
)
Defendant. )
_____ )

PATRICIA C. GRANT
COLLETON COUNTY
COMMON PLEAS
04 DEC 15 AM 9:36

The Plaintiffs by and through their attorney, Margie Bright Matthews, makes the following allegations against the Defendant:

1.    Plaintiffs, Teddra L. Dent and Eric Dantzler, are citizens and residents of the City of Walterboro, County of Colleton, State of South Carolina.

2.    Defendant Waffle House, Inc. is a corporation duly organized and existing under the laws of the State of South Carolina and having its principle place of business in the City of Walterboro, County of Colleton, State of South Carolina.

3.    Defendant is and at all times hereinafter the owner of and in possession and control of a restaurant known as Waffle House, located at 1646 Bells Highway, in the City of Walterboro, County of Colleton, State of South Carolina.

4.    The employees, agents, officers, or servants of Waffle House, Inc. now and at all times material hereto were, duly appointed, employed and acting within the scope of their duties as agents, servants and officers of Waffle House, Inc. and their conduct was

therefore imputable to Defendant under the doctrine of respondent superior.

5.    In operating said restaurant, Defendant extended to the public its advantages, and privileges and invited thereto any and all persons desiring its accommodations, advantages and privileges.

6.    On December 26, 2001, Plaintiffs went in the restaurant aforesaid dining area. Thereupon, Defendant's employee, agent, officer, or servant refused Plaintiffs the service requested by them.

7.    Defendant's refusal, denial, or attempt to deprive Plaintiffs of rights and privileges to public accommodations, through agents and servants, to serve Plaintiffs were in violation of plaintiff's civil rights and equal enjoyment of and privileges to public accommodations, and by reason thereof.

8.    The Defendant's failed to supervise and train its employees in the proper procedure in serving its patrons.

9.    Due to the actions of the Defendant, Plaintiff's suffered racial discrimination, harassment, emotional distress, defamation and public ridicule.

10.   By reason of the unlawful acts of discrimination against Plaintiffs by Defendant as aforesaid, Plaintiffs suffered great humiliation, shame, inconvenience, and mental distress and are entitled to recover damages from Defendant for such actions.

**WHEREFORE,** Plaintiff prays for judgment in Plaintiff's favor for actual and punitive damages in an appropriate amount and for such other relief as the Court may deem just and proper.

December 6, 2004.

Margie Bright Matthews
Attorney at Law
215 West Washington Street
Post Office Box 499
Walterboro, SC 29488
(843) 549-6028

ATTORNEY FOR PLAINTIFFS

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF COLLETON | ) | CASE NO.: 04-CP-15-_____ |

| | |
|---|---|
| Teddra L. Dent and | ) |
| Eric Dantzler, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| Waffle House, Inc., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**RECEIVED**

**DEC 1 5 2004**

COLLETON COUNTY
SHERIFF'S OFFICE

**PLAINTIFF'S INTERROGATORIES
TO DEFENDANT**

TO THE DEFENDANT ABOVE NAMED:

You are requested to answer the following Interrogatories within the time permitted under Rule 33(b) of the South Carolina Rules of Civil Procedure:

1.     State your correct legal name, state of incorporation, business address and nature of business.

2.     Give the names and addresses of persons known to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

3.     Set forth a list of photographs, plats, sketches or other prepared documents that relate to the claim.

4.     Set forth the names and addresses of all insurance companies which have liability insurance coverage and set forth the number or numbers of the policies involved and

1

the amount or amounts of liability coverage provided in each policy where the Defendant is covered under said policy or policies.

5.    List the names and addresses of any expert witnesses whom the Defendant proposes to use as a witness at the trial of the case: state his/her specialty; and a synopsis of his/her intended testimony, including the basis for said testimony.

6.    For each person known to the Defendant or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

7.    Identify all civil lawsuits filed in the past five (5) years in which this Defendant is named as a Defendant in such litigation.

8.    In responding, provide the caption of the case, the civil action number, the court in which such action was filed, and the disposition of such claim if ended.  Identify whether or not still pending, Provide the name, address and telephone number of Plaintiff's counsel in all such cases.

9.    If you respond to the foregoing interrogatory with an objection, identify by name, address and telephone number each person consulted for the information sought, and who has provided information, which in whole or in part, provides the basis of the objection.

10.    Identify each person who conducted, or participated in, any investigation of the incident complained of in the Complaint, other than counsel for the Defendant and

2

counsel's legal staff.

11.    Identify with particularity and all documents contained in any file created as part of any investigation into the incident, other than similar documents created by Defendant's counsel.

12.    Identify all employees of the Defendant who were present or on duty at the at the time of the incident complained in the Complaint.

13.    How did the Defendant first learn of the incident complained of in the Complaint?

14.    Please identify by name, address, title and job description, each employee or representative of the Defendant, other than Defendant's counsel and supporting legal staff, that provided any information utilized in answering these interrogatories on behalf of the Defendant.

15.    Identify with particularity each document which provided any instructions, directives, orders, policies or procedures in effect for maintaining and promoting the proper procedures in serving their patrons.

16.    Identify any and all written or recorded statements made by any person regarding this incident.  If any privilege is claimed with respect to any such written or recorded statement, identify the nature of the privilege, the date, time and location where the statement was taken or created, and any and all persons present at the time the statement was created.

3

17.    If you contend that any Defendant is not properly named in the caption of the Complaint, state what you contend to be the proper name of such Defendant entity or person.

18.    Identify with specificity, including name, address and telephone number, the owner of the premises at the time of the incident complained in the Complaint.

19.    Identify all security personnel in your employ both at the time of the incident complained of in plaintiff's complaint as well as all security personnel employed by you for one year prior thereto.

20.    Identify all security equipment, devices and measures used by the defendant to protect patron's at the premises.

21.    Identify any reports or notices of any prior incidents of any form of the same type of racial discrimination throughout a three year period prior to the incident complained in the Complaint.

22.    Describe in detail any conversations that the Defendant had with the Plaintiff before, during and after the incident complained of in the complaint.

23.    Do you contend that the plaintiff did, or failed to do anything that caused or contributed to the incident complained of in the complaint?  If so, describe in detail what you contend the plaintiff did, or failed to do in this regard.

24.    Describe in detail the factual basis for the defenses you insert in your answer.

These Interrogatories shall be deemed continuing so as to require supplemental answers if the party or any representative or counsel obtain further information between the

4

time the answers are served and the time of trial.

December 13, 2004.

Margie Bright Matthews
Attorney at Law
215 West Washington Street
Post Office Box 499
Walterboro, SC 29488
(843) 549-6028

ATTORNEY FOR PLAINTIFFS

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the document(s) set forth below was served by me on

counsel listed below by mailing a copy of thereof, postage prepaid and properly addressed,

and deposited in the United States Post Office at Walterboro, South Carolina on this

14th day of December , 2004.


DOCUMENT(S) SERVED:      Plaintiff's Interrogatories to Defendant

Case No.     :2004-CP-15


PERSON SERVED:           Waffle House #771
                         1646 Bells Highway
                         Walterboro, SC 29488



Crystal Davenport
Legal Assistant
215 West Washington Street
Post Office Box 499
Walterboro, SC  29488
(843) 549-6028

6

STATE OF SOUTH CAROLINA )   IN THE COURT OF COMMON PLEAS
                        )   FOURTEENTH JUDICIAL CIRCUIT
COUNTY OF COLLETON      )   CASE NO.: 04-CP-15-_____

Teddra L. Dent and      )
Eric Dantzler,          )
                        )
            Plaintiffs, )
                        )
vs.                     )   **PLAINTIFF'S REQUEST FOR**
                        )   **PRODUCTION TO DEFENDANT**
Waffle House, Inc.,     )
                        )
            Defendant.  )
_____)

TO THE DEFENDANT ABOVE NAMED:

The Plaintiffs, pursuant to Rule 34 of the South Carolina Rules of Civil Procedure, requests that the Defendant and/or his attorney to respond within thirty (30) days from the date of service hereof, Request For Production, or whatever purposes as allowed by said Rule, the following documents or things which are in or may be in the possession, custody or control of the Defendant, his agents, servants or attorneys:

1.      Any and all documents identified in Defendant's responses to Plaintiff's interrogatories.

2.      Any and all indemnity agreements between this Defendant and any other person or entity that relates in any fashion to Plaintiffs claims.

3.      Any and all contracts between the owner and occupier of the premises at the time of Plaintiff's incident.

1

4.     A copy of liability insurance policies in force and effect insuring the Defendant at the time and place of the incident which is the subject of this cause of action, and state whether or not this/these documents was/were permissive user(s) or named insured(s).

5.     Each document which describes this Defendant's legal status at the time of Plaintiff's injury.

6.     Any and all training manuals, policy and procedure manuals, or other written documentation relating to the manner in which employees could have, or should have, been conducting themselves in the general time preceding and following Plaintiff's incident, and including the time of the incident.

7.     Any and all materials, photographs, video tapes, audio cassettes, diagrams, slide show presentations, and other materials or guidelines utilized to train Defendant's employees for the two (2) years preceding Plaintiff's incident, up to and including the present.

8.     Any and all photographs, video tapes, surveillance videos and similar imagery of the incident complained in the Complaint.

9.     Any and all reports prepared by any persons investigating the matters complained of in the Complaint, including expert witness reports, with the exception of documents prepared by Defendant's counsel. If any privilege is claimed with respect to any such documents, identify the nature of the document, the date and time of its preparation,

2

the person requesting the preparation of the document, the person(s) to whom the document was provided, and the current whereabouts of the document and all copies.

10.    Produce copies of all complaints naming this Defendant as a Defendant, where the complaint included allegations of an injury occurring on the Defendant's premises, and which was filed within the ten-year-period of time preceding Plaintiff's injury, and up to and including the present.

11.    Any and all settlement agreements and release with any persons who have alleged to have been discriminated on the Defendant's premises in the five-year period of time preceding Plaintiffs incident, up to and including the present.

12.    Any and all documents which you intend to introduce at trial.

Said documents and things are to be produced at 215 West Washington Street, Post Office Box 499, Walterboro, SC 29488 within the time aforesaid at which time they will be physically inspected, copied or mechanically reproduced and then returned.

_December 13_, 2004.

Margie Bright Matthews
Attorney at Law
215 West Washington Street
Post Office Box 499
Walterboro, SC 29488
(843) 549-6028

ATTORNEY FOR PLAINTIFFS

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the document(s) set forth below was served by me on counsel listed below by mailing a copy of thereof, postage prepaid and properly addressed, and deposited in the United States Post Office at Walterboro, South Carolina on this ____ 14th day of _December_, 2004.


DOCUMENT(S) SERVED:        Plaintiff's Request for Production to Defendant

                          Case No.      :2004-CP-15-


PERSON SERVED:            Waffle House #771
                          1646 Bells Highway
                          Walterboro, SC 29488


Crystal Davenport
Legal Assistant
215 West Washington Street
Post Office Box 499
Walterboro, SC  29488
(843) 549-6028

4

JS 44   (Rev. 11/04)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a)  PLAINTIFFS
Teddra L. Dent and Eric Dantzler

### DEFENDANTS
Waffle House, Inc.

**(b)** County of Residence of First Listed Plaintiff Colleton Co., SC
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  N/A
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  Margie Bright
Matthews
215 West Washington Street, PO Box 499
Walterboro, SC 29488, 843-549-6028

Attorneys (If Known)  Wade H. Logan III
Nelson, Mullins, Riley & Scarborough, LLP
Liberty Cntr, Suite 600, 151 Meeting St.
Charleston, SC 29402, 843-853-5200

### II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

### V. ORIGIN  (Place an "X" in One Box Only)

☐ 1  Original
Proceeding

☒ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
another district
(specify)

☐ 6  Multidistrict
Litigation

☐ 7  Appeal to District
Judge from
Magistrate
Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 2000a
Brief description of cause:
Alleged denial of service in place of public accommodation.

### VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

### VIII. RELATED CASE(S)
IF ANY     N/A
(See instructions):   JUDGE  Section / MIAMI / John Ng Eddy vs. Wal      DOCKET NUMBER  2:03-cv-2183
04-cv-18-NN

DATE  2/3/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
                                                                                     Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

STATE OF SOUTH CAROLINA    )
                                      )
COUNTY OF COLLETON          )    IN THE COURT OF COMMON PLEAS
                                        )
Teddra L. Dent and Eric Dantzler,    )    CIVIL ACTION NO.: 04-CP-15-1172
                                        )
                Plaintiffs    )    **NOTICE TO STATE COURT OF**
                                        )    **REMOVAL TO FEDERAL COURT**
                                        )
            vs.                 )
                                          )
Waffle House, Inc.,             )
                                        )
                  Defendant    )
                                        )

## NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE COURT:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441, 1443 and 1446

Defendant Waffle House, Inc. ("Defendant" or "Waffle House") filed removal papers

with the Clerk of the United States District Court for the District of South Carolina,

Charleston Division, regarding the above-styled action, Civil Action No. 04-CP-15-1172.

A copy of the Notice of Removal to Federal Court is attached hereto as Attachment 1.

The Colleton County Court of Common Pleas is respectfully requested to proceed no

further in this action unless and until such time as the action may be remanded by order

of the United States District Court for the District of South Carolina.


Respectfully submitted this _3rd_ day of February, 2005.

**NELSON, MULLINS, RILEY &**
**SCARBOROUGH, LLP**
151 Meeting Street, Suite 600
Charleston, South Carolina 29401
Telephone: (843) 853-5200
Facsimile: (843) 722-8700

Wade H. Logan, III
Federal I.D. No. 2713

2

STATE OF SOUTH CAROLINA  )
            )
COUNTY OF COLLETON   )  IN THE COURT OF COMMON PLEAS
            )
Teddra L. Dent and Eric Dantzler, )  CIVIL ACTION NO.: 04-CP-15-1172
            )
       Plaintiffs )  **NOTICE TO STATE COURT OF**
            )  **REMOVAL TO FEDERAL COURT**
   vs.       )
            )
Waffle House, Inc.,     )
            )
       Defendant )
            )

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above and

foregoing **NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT**

on all parties by depositing the same in the United States mail, via first-class prepaid, and

addressed as follows:

Margie Bright Matthews
215 West Washington Street
Post Office Box 499
Walterboro, SC 29488

This _3rd_ day of February, 2005.

                Attorney for Defendant

1034-0010.280

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| TEDDRA L. DENT and ERIC DANTZLER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.: _____ **NOTICE OF REMOVAL TO** |
| WAFFLE HOUSE, INC., | ) ) ) | **FEDERAL COURT** |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL TO FEDERAL COURT

Defendant Waffle House, Inc. ("Defendant" or "Waffle House") files this Notice of Removal to Federal Court. Defendant is removing the action filed against it by Teddra L. Dent and Eric Dantzler in the Colleton County Court of Common Pleas (Civil Action Number 04-CP-15-1172). The United States District Court for the District of South Carolina has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 1343. Thus, removal is proper under 28 U.S.C. §§ 1441 and 1443. Attachment 1 to this Notice of Removal to Federal Court contains a copy of all process, pleadings and orders served upon Defendant Waffle House in this action. Attachment 2 to this Notice of Removal to Federal Court is a copy of the Notice to Adverse Parties of Filing of Notice of Removal to Federal Court. Attachment 3 to this Notice of Removal to Federal Court is a copy of Notice to State Court of Removal to Federal Court. As grounds for removal, Defendant shows the Court:

1.

Plaintiffs allege that they were "refused" service at a Waffle House restaurant located in Walterboro, South Carolina on December 26, 2001.  See Plaintiffs' Complaint at ¶ 6, a copy of which is included in Attachment 1.

2.

On or about December 15, 2004, Plaintiffs filed their Complaint in the Colleton County Court of Common Pleas, asserting, among other things, that Waffle House allegedly "refus[ed], deni[ed], or attempt[ed] to deprive Plaintiffs of rights and privileges to public accommodations ... in violation of Plaintiff's [*sic*] civil rights and equal enjoyment of and privileges to public accommodations...."  Plaintiffs' Complaint at ¶ 7. Waffle House denies Plaintiffs' allegations.

3.

Plaintiffs' Complaint asserts claims covered by and arising under the laws of the United States, specifically Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a ("Title II").

4.

Because Plaintiffs' State Court action asserts claims arising under a federal statute, the instant action is one over which this Court has original jurisdiction and one that may be removed to this Court by the Petitioner pursuant to the provisions of 28 U.S.C. §§ 1331, 1343 and 1441(a).

5.

Venue is proper in this Court under 28 U.S.C. § 1441(a).

6.

This Notice is timely filed within thirty (30) days of the receipt of the Summons and Complaint by Petitioner, Waffle House, which occurred on January 4, 2005. See 28 U.S.C. § 1446(b).

7.

Notice to Adverse Parties of Filing of Notice of Removal to Federal Court is being provided to Plaintiffs herewith, as provided in 28 U.S.C. § 1446(d). See Attachment 2.

8.

Notice to State Court of Removal to Federal Court is being filed with the Clerk of the Colleton County Court of Common Pleas as provided by 28 U.S.C. § 1446(d). See Attachment 3.

WHEREFORE, Defendant respectfully requests that the above-styled action pending in the Colleton County Court of Common Pleas be removed to this Court.

Respectfully submitted this ⅗ day of February, 2005.

**NELSON, MULLINS, RILEY & SCARBOROUGH, LLP**
151 Meeting Street, Suite 600
Charleston, South Carolina 29401
Telephone: (843) 853-5200
Facsimile: (843) 722-8700

Wade H. Logan, III
Federal I.D. No. 2713

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

TEDDRA L. DENT and ERIC      )
DANTZLER,                    )
                                    )
Plaintiffs,               )
                                    )   CIVIL ACTION NO.: _____
v.                            )   **NOTICE OF REMOVAL TO**
                                    )   **FEDERAL COURT**
WAFFLE HOUSE, INC.,      )
                                    )
Defendant.              )
                                    )

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above and foregoing **NOTICE OF REMOVAL TO FEDERAL COURT** on all parties by depositing the same in the United States mail, via first-class prepaid, and addressed as follows:

Margie Bright Matthews
215 West Washington Street
Post Office Box 499
Walterboro, SC 29488

This 3/4 day of February, 2005.

_____
Attorney for Defendant

1034-0010.279

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

TEDDRA L. DENT and ERIC )
DANTZLER, )
 )
Plaintiffs, )
 )    CIVIL ACTION NO.: _____
v. )    **NOTICE TO ADVERSE PARTIES OF**
 )    **FILING OF NOTICE OF REMOVAL**
WAFFLE HOUSE, INC., )    **TO FEDERAL COURT**
 )
Defendant. )
 )

## NOTICE TO ADVERSE PARTIES OF FILING OF NOTICE OF REMOVAL TO FEDERAL COURT

Pursuant to 28 U.S.C. § 1446(d), this Notice is and shall serve as the written

notice to all adverse parties that Defendant Waffle House, Inc. ("Defendant" or "Waffle

House"), filed this day a Notice of Removal to Federal Court of the above-captioned

action from the Colleton County Court of Common Pleas to the United States District

Court for the District of South Carolina, Charleston Division.  Attached to and included

with this Notice are:

1.  Waffle House's Notice of Removal to Federal Court, as filed with the United

    States District Court for the District of South Carolina, Charleston Division,

    which includes a copy of all process, pleadings, and orders served upon Waffle

    House in this action (Attachment 1);

2.  The Civil Action Cover Sheet filed with the United States District Court for the

    District of South Carolina (Attachment 2); and

3. Waffle House's Notice to State Court of Removal to Federal Court (Attachment 3).

Respectfully submitted this _____ day of February, 2005.

**NELSON, MULLINS, RILEY &**
**SCARBOROUGH, LLP**
151 Meeting Street, Suite 600
Charleston, South Carolina 29401
Telephone: (843) 853-5200
Facsimile: (843) 722-8700

Wade H. Logan, III
Federal I.D. No. 2713

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

TEDDRA L. DENT and ERIC )
DANTZLER, )
            )
   Plaintiffs, )
            )   CIVIL ACTION NO.: _____
   v. )  **NOTICE TO ADVERSE PARTIES OF**
            )  **FILING OF NOTICE OF REMOVAL**
WAFFLE HOUSE, INC., )  **TO FEDERAL COURT**
            )
   Defendant. )
            )

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above and

foregoing **NOTICE TO ADVERSE PARTIES OF FILING OF NOTICE OF**

**REMOVAL TO FEDERAL COURT** on all parties by depositing the same in the

United States first-class mail, postage prepaid, and addressed as follows:

> Margie Bright Matthews
> 215 West Washington Street
> Post Office Box 499
> Walterboro, SC 29488

This _3rd_ day of February, 2005.

                                      _____
                                      Attorney for Defendant

1034-0010.281

STATE OF SOUTH CAROLINA   )
   )
COUNTY OF COLLETON   )   IN THE COURT OF COMMON PLEAS
   )
Teddra L. Dent and Eric Dantzler,   )   CIVIL ACTION NO.: 04-CP-15-1172
   )
             Plaintiffs   )   **NOTICE TO STATE COURT OF**
   )   **REMOVAL TO FEDERAL COURT**
          vs.   )
   )
Waffle House, Inc.,   )
   )
           Defendant   )
   )

## NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE COURT:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441, 1443 and 1446

Defendant Waffle House, Inc. ("Defendant" or "Waffle House") filed removal papers

with the Clerk of the United States District Court for the District of South Carolina,

Charleston Division, regarding the above-styled action, Civil Action No. 04-CP-15-1172.

A copy of the Notice of Removal to Federal Court is attached hereto as Attachment 1.

The Colleton County Court of Common Pleas is respectfully requested to proceed no

further in this action unless and until such time as the action may be remanded by order

of the United States District Court for the District of South Carolina.

Respectfully submitted this _____ day of February, 2005.

**NELSON, MULLINS, RILEY &**
**SCARBOROUGH, LLP**
151 Meeting Street, Suite 600
Charleston, South Carolina 29401
Telephone: (843) 853-5200
Facsimile: (843) 722-8700

Wade H. Logan, III
Federal I.D. No. 2713

2

STATE OF SOUTH CAROLINA )
)
COUNTY OF COLLETON )   IN THE COURT OF COMMON PLEAS
)
Teddra L. Dent and Eric Dantzler, )   CIVIL ACTION NO.: 04-CP-15-1172
)
Plaintiffs )   **NOTICE TO STATE COURT OF**
)   **REMOVAL TO FEDERAL COURT**
)
vs. )
)
Waffle House, Inc., )
)
Defendant )
_____ )

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the above and

foregoing **NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT**

on all parties by depositing the same in the United States mail, via first-class prepaid, and

addressed as follows:

Margie Bright Matthews
215 West Washington Street
Post Office Box 499
Walterboro, SC 29488

This 3rd day of February, 2005.

Attorney for Defendant

1034-0010.280